UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL STEFFEN,<br><br>　　　　Defendant. | Case No. CR04-5516FDB<br><br>ORDER DISMISSING THE PETITION AND CLAIM OF SUSANNE M. WHITE TO REAL PROPERTIES OWNED BY MICHAEL STEFFEN |

Before the Court is Plaintiff's motion to dismiss the petition of Susanne M. White asserting an interest in real properties owned by Defendant Michael Steffen.   Ms. White has asked that her interest be determined by the Court upon her written petition and without formal hearing.  The Court, having reviewed the petition, opposition, and the balance of the record, finds, for the reasons set forth below, that the petition should be dismissed.

I.

On March 3, 2005 this Court entered a Preliminary Order of Forfeiture, declaring that the interest of Defendant Michael Steffen in two parcels of real property (540 3rd Avenue, Fox Island, Washington and 3602 92nd Avenue, Gig Harbor, Washington), were forfeited to the United States.  Pursuant to 21 U.S.C. § 853(n) the United States was required to publish notice of its intent to dispose of the forfeited property and to provide written notice to all persons known to have alleged an interest in the property.  On April 18, 2005, Ms. White

ORDER - 1

1  filed a petition asserting an interest in "real properties owned by Michael Steffen."

2                                                    II.

3       Ms. White claims to have advanced certain funds to her brother, Defendant Michael
4  Steffen, in connection with this litigation. Even assuming such funds were advanced as
5  alleged, such action did not create any cognizable interest in either of the forfeited
6  properties. No mortgage, deed of trust or other lien instrument has been presented to this
7  Court to establish that the debt is secured by either of the forfeited properties.

8       Additionally, and assuming Ms. White's advancement of funds created an interest in
9  the forfeited properties, such interest is not protected against forfeiture because it was
10 acquired after the commission of the offense giving rise to the forfeiture and cannot be
11 recognized by the Court in an ancillary proceeding conducted pursuant to 21 U.S.C. §
12 853(n). Ms. White's interest is only be recognizable if she qualifies as a bona fide
13 purchaser for value who, at the time of purchase, was reasonably without cause to believe
14 that the properties were subject to forfeiture. However, as Ms. White claims that the funds
15 were advanced in connection with her brother's defense and an appraisal commissioned
16 after the indictment was returned, she was plainly on notice that the properties were subject
17 to forfeiture and cannot be considered a bona fide purchaser without notice.

18      ACCORDINGLY,

19      IT IS ORDERED:

20      (1)    The petition and claim of Susanne M. White (Dkt. #95) is DISMISSED.

21      DATED this <u>16th</u> day of June, 2005.

23                                          FRANKLIN D. BURGESS
24                                          UNITED STATES DISTRICT JUDGE

26 ORDER - 2